# EXHIBIT 1

# CONTRACT FOR LEGAL SERVICES

1.  This Agreement made on May 4, 2021, by and between the law firm of SADECKI & ASSOCIATES, P.L.L.C., hereinafter referred to as the "Attorneys" and Kathleen Jenkins, as the Trustee of the Harold B. Doremus Living Trust dated January 15, 1982, as amended and restated May 13, 2014, as further amended April 3, 2017, hereinafter referred to as the "Client."

2.  The Client requires legal services regarding a legal analysis and claim(s) to be filed against the Estate of Steven Doremus and the Steven Doremus Living Trust, with probable civil probate litigation against the Estate of Steven Doremus and the Steven Doremus Living Trust within the Oakland County Circuit Court, Probate Division against, and the Client wishes to retain Attorneys to handle the matter until further written notice.

3.  The Client retains the Attorneys for all matters relating to this legal action.

4.  The Client agrees that work relating to this action will be done by the Attorneys, legal assistants, paralegals and/or legal secretaries employed by Attorneys in the sole discretion of SADECKI & ASSOCIATES, P.L.L.C.

5.  The Client agrees to pay the Attorneys the following fees:

(a) The sum of $1.00 as a non-refundable minimum engagement fee, plus all costs incurred for any enforcement, and/or defense of any legal actions. Costs shall include, but not be limited to, expenses incurred for investigation, Court fees, duplication/copying costs, depositions, air travel, lodging, long distances phone calls, conference calls, medical records, police reports, services provided by in-house or outside physicians, nurses, engineers, consultants, or experts and probate costs, if any, related to the pendency of any litigation. If the Attorneys complete the required legal services, or is discharged for any reason whatsoever, the minimum engagement fee paid shall be the total fee charged by Attorneys for the legal services rendered to Client. The minimum engagement fee is not based upon hours expended by the Attorneys. Further, it is fully understood that the funds will be going into the general account of the legal counsel and shall be deemed earned upon payment.

(b) The Client further agrees to pay an hourly fee of $350.00 per hour for Mark W. Sadecki; $265.00 for Associates and $155.00 per hour for Legal Assistants (billed in minimum .1 hour increments) for any and all legal services.

(c) The Client agrees that the fee is based merely on a fee for the amount of Attorney time, but also on Rule 1.5 of the Michigan Rules of Professional Conduct, including:

i.  the time and labor required, the novelty and difficulty of the questions involved, and the expertise and skill requisite to perform the legal service properly;

ii. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

iii. the amount involved and the results obtained;

iv. the time limitations imposed by client or by the circumstances;

v. the experience, reputation and ability of the lawyer or lawyers performing the legal services.

6. The Attorneys agree to accept this fee from the Client and to perform the necessary legal services with diligence and dispatch in connection with this legal action.

7. The Client agrees that any fees owed to Sadecki & Associates, PLLC shall be paid within five (5) days after billing. Client has two (2) choices for payment, a cash price, verses a credit price. The cash price is payment of the Fee Statement balance due and owing within the seven (7) days permitted herein. The credit price is defined as the cash price plus 1.5% per month time-price differential (annual 18%) on any unpaid balance until the balance is paid in full. Thus, any amount due and owing after seven (7) days incurs time price charges at the rate of one and one-half percent (1.5%) through a time-price differential (annual 18%) on the unpaid balance until paid in full. The Client understands and agrees that Sadecki & Associates, PLLC expressly reserves the right to withdraw from representation of the Client if Client fails to pay within the times allotted herein. Time-price charges shall continue to accrue on the unpaid balance until the total amount is paid in full.

8. Questions or objections to all bills or statements given or sent by the Attorney to the Client must be made within five (5) days of the billing date. The Client agrees that a bill or fee statement is accurate and fully due and payable if the Client does not question or object to a bill or fee statement within five (5) days of the billing date.

9. The Client agrees that the Attorneys shall be entitled to an Attorney's Charging Lien on any asset owned by or due to the Client, including any and all real property, for any and all such outstanding amounts/balance(s) that become due and/or payable to the Attorneys. Specifically, Client expressly consents and agrees that pursuant to MCL § 565.25 et seq., as amended, shall entitle Sadecki & Associates, PLLC, to a Security Interest/Lien/Claim of interest on any asset owned or on any income owed or due to the Client for such outstanding amount/balance that is due and payable to Sadecki & Associates, PLLC and that this agreement expressly grants Power of Attorney to Sadecki & Associates, PLLC to place a Security Interest/Lien and/or Affidavit of Interest and/or Notice of Claim of Interest against any assets of the Client.

10. If at any time during the case, the minimum fee is insufficient to meet the anticipated costs and Attorney fees associated with a scheduled trial, hearing or other proceeding, and an additional minimum fee in an amount determined by Sadecki & Associates, PLLC shall be paid to Sadecki & Associates, PLLC no less than fourteen (14) days before a scheduled trial, hearing or other proceeding.

11. The Client understands that Michigan Rule of Professional Conduct 1.16 allows the Attorneys to withdraw from representation of the Client if any of the following occur:

    a. the Client insists upon pursuing a course of action that the lawyer considers repugnant or imprudent;

    b. the Client fails to pay the fees required under this contract after reasonable warning that non-payment will result in withdrawal;

c. continued representation will result in an unreasonable financial burden on the lawyer. The client understands that a copy of Rule 1.6 will be provided upon written request.

12. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE CONDITION OF RETENTION OF THE ATTORNEYS, IS PAYMENT OF THE MINIMUM ENGAGEMENT FEE WHICH IS NON-REFUNDABLE NOTWITHSTANDING THE HOURS EXPENDED.

13. The Client understands that if monies cannot be provided for payment of legal fees, the Client shall consent, upon request, to the release of SADECKI & ASSOCIATES, P.L.L.C., as the Client's counsel and the allowance of SADECKI & ASSOCIATES, P.L.L.C. to withdraw, upon appropriate stipulation and order, from any legal proceedings initiated.

14. Client may terminate the attorney client relationship at any time. However, Client recognizes that the minimum non-refundable engagement fee shall not be refunded in such event and that the Attorney's security interest, if any, continues until any outstanding balance for fees, costs or expenses is satisfied.

15. This agreement shall be binding upon and inure to the heirs, successor, assignees and personal representatives, if any, of each party hereto. If two or more persons have signed this agreement as Clients their liability for obligations hereunder shall be joint and several.

16. Client agrees to pay all costs and reasonable attorney's fees incurred by SADECKI & ASSOCIATES, P.L.L.C. should the Attorneys have to take any legal action to compel payment of overdue costs, expenses and/or professional fees.

17. This agreement is made and shall be performed and construed under the laws of Michigan. Michigan Court Rules shall control the terms and conditions hereof and if any provision is deemed null, void or invalid by any competent tribunal, the balance of this agreement shall remain in effect and to this end is declared severable.

18. This writing is a complete statement of all prior and present agreements and representations between the parties hereto as of the date hereof and same shall not be modified without the written consent of same.

19. The Client hereby acknowledges receipt of a copy of the Contract for Legal Services and further acknowledges that he has read and understood the provisions contained herein.

20. It is understood that this is a minimum engagement fee regardless of billing rates.

21. This agreement shall become effective upon payment of the non-refundable minimum engagement fee of $1.00, made payable to either "Mark W. Sadecki" or "Sadecki & Associates PLLC Client Trust Account", upon execution of this Agreement. All time expended for or with the Client in obtaining information in this matter prior to the execution of this contract shall be billed at the agreed upon rate, as the Client and Attorney are signing this Agreement after Trustee requested the legal services contemplated herein.

22. Dispute Arbitration. At the request of either Attorney or Client, any dispute as to whether Attorney or Client has failed to honor this Agreement or as to the legal representation of client, shall be submitted to arbitration and prompt resolution on a confidential basis and both Attorney

and Client agree to be bound by the results of such arbitration and Judgment shall enter in any court of competent jurisdiction. Should Attorney or Client request arbitration to settle such disputes, at least one member of the Arbitration Panel shall be a licensed Michigan Attorney.

23. All other disputes between Client and Attorney, including whether the Attorney has competently performed its duties hereunder, shall be submitted to binding Arbitration, on a confidential basis, and the confidential decision of the arbitrator may be entered as a judgment in any court of competent jurisdiction. Should Attorney or Client request Arbitration to settle such disputes, at least one member of the Arbitration Panel shall be a licensed Michigan Attorney.

24. Results. Attorney has made no promises, guarantees, or representations regarding the outcome of this case to Client. This is particularly the case given that the fact that a Judge makes the decisions in Client's case and not the lawyers. Attorney will use his best efforts to attempt to persuade the Judge in client's favor, but that is all that can be done. The only guarantee in this case is attorney's effort and not the results. Client has further been advised that this case, from time to time, may be attested to by the Client and the representations contained therein are the sole decision of Client.

25. It is agreed and acknowledged by Client that the Client's file will be destroyed within one (1) year of the case files being closed by the Attorney.

26. The parties hereto acknowledge and fully agree that this Agreement may be executed in counterparts; may be transmitted by facsimile and/or Email and shall be binding in all respects upon and inure to the benefit of each and every party. Nothing in this Agreement is intended, or shall be construed, to give any other person or entity not a party to this Agreement any right, remedy, or claim under or by reason hereof.

27. Client acknowledges and understands that Sadecki & Associates, PLLC reserves the right to withdraw from representation if Client fails to abide by any term or condition of this contract.

THE UNDERSIGNED ACKNOWLEDGES THAT SHE READ AND UNDERSTOOD ALL OF THE TERMS OF THIS CONTRACT, ON BEHALF OF THE CLIENT.

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

_____
By: Kathleen Jenkins
Its: Trustee
Dated: May 4, 2021

ACCEPTED BY:
SADECKI & ASSOCIATES, P.L.L.C.
a Professional limited liability company,

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

_____
By: Mark W. Sadecki
Its: Managing Member
Dated: May 4, 2021

_____
By: Kathleen Jenkins
Its: Trustee
Dated: May 4, 2021

and Client agree to be bound by the results of such arbitration and Judgment shall enter in any court of competent jurisdiction. Should Attorney or Client request arbitration to settle such disputes, at least one member of the Arbitration Panel shall be a licensed Michigan Attorney.

23. All other disputes between Client and Attorney, including whether the Attorney has competently performed its duties hereunder, shall be submitted to binding Arbitration, on a confidential basis, and the confidential decision of the arbitrator may be entered as a judgment in any court of competent jurisdiction. Should Attorney or Client request Arbitration to settle such disputes, at least one member of the Arbitration Panel shall be a licensed Michigan Attorney.

24. Results. Attorney has made no promises, guarantees, or representations regarding the outcome of this case to Client. This is particularly the case given that the fact that a Judge makes the decisions in Client's case and not the lawyers. Attorney will use his best efforts to attempt to persuade the Judge in client's favor, but that is all that can be done. The only guarantee in this case is attorney's effort and not the results. Client has further been advised that this case, from time to time, may be attested to by the Client and the representations contained therein are the sole decision of Client.

25. It is agreed and acknowledged by Client that the Client's file will be destroyed within one (1) year of the case files being closed by the Attorney.

26. The parties hereto acknowledge and fully agree that this Agreement may be executed in counterparts; may be transmitted by facsimile and/or Email and shall be binding in all respects upon and inure to the benefit of each and every party. Nothing in this Agreement is intended, or shall be construed, to give any other person or entity not a party to this Agreement any right, remedy, or claim under or by reason hereof.

27. Client acknowledges and understands that Sadecki & Associates, PLLC reserves the right to withdraw from representation if Client fails to abide by any term or condition of this contract.

THE UNDERSIGNED ACKNOWLEDGES THAT SHE READ AND UNDERSTOOD ALL OF THE TERMS OF THIS CONTRACT, ON BEHALF OF THE CLIENT.

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

By: Kathleen Jenkins
Its: Trustee
Dated: May 4, 2021

ACCEPTED BY:
SADECKI & ASSOCIATES, P.L.L.C.
a Professional limited liability company,

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

By: Kathleen Jenkins
Its: Trustee
Dated: May 4, 2021

By: Mark W. Sadecki
Its: Managing Member
Dated: May 4, 2021

## CONTRACT FOR LEGAL SERVICES

1.    This Contract for Legal Services is made on March 22, 2023, and effective as of December 14, 2022, between SADECKI & ASSOCIATES, P.L.L.C., hereinafter referred to as the "Attorneys" and Kathleen Jenkins, as Trustee of the Harold B. Doremus Trust Under Agreement dated January 15, 1982, as amended, hereinafter referred to collectively as the "Client" (hereinafter the Contract for Legal Services is referred to as the "Agreement" or "CFLS").

2.    Client requires legal services relating to a dispute between Petitioners Jane Anne Doremus, Judson Burke St. John, Jr. and Dylan St. John and possibly others, which Petition has filed and is pending as *In Re Matter of The Harold B. Doremus Trust, Under Agreement dated January 15, 1982, as amended*, assigned Case No.: 2022-410,889-TV; assigned to the Honorable Judge Linda Hallmark in the Probate Court for Oakland County, regarding various claims. Client wishes to retain Attorneys to handle all matters until further written notice (the "Litigation").

3.    The Client retains the Attorneys for all matters identified in paragraph 2 above, and Client consents and agrees that such legal services <u>do not include</u> any post judgment litigation, or appeals, bankruptcy proceedings or other proceedings arising from the dispute between the Client and Petitioners and/or other parties not yet named.

4.    The Client agrees that work relating to this action will be done by the Attorneys, legal assistants, paralegals and/or legal secretaries employed by Attorneys in the sole discretion of SADECKI & ASSOCIATES, P.L.L.C.

5.    The Client agrees to pay the Attorneys the following fees:

(a)    The sum of Five Thousand Dollars ($5,000) as a non-refundable engagement fee, plus all costs incurred for the enforcement and defense of the Litigation. The Costs shall include, but not be limited to, all expenses incurred for investigation, court fees, copying costs, depositions, air travel, lodging, long distances phone calls, conference calls, records, reports, services provided by in-house or outside attorneys, ESI third party vendors, engineers, consultants, all experts and probate costs, if any, related to the pendency of the Litigation. If the Attorneys complete their required legal services, or are discharged for any reason whatsoever, the minimum engagement fee paid shall be the total fee charged by Attorneys for the legal services rendered to Client. The minimum engagement fee is not based upon hours expended by the Attorneys. Further, it is fully understood that the funds will be going into the general account of the Attorneys and shall be deemed earned upon payment. Client may tender the non-refundable engagement fee via wire transfer to:

Citizens Bank<br>
1376 South Lapeer Road<br>
Lake Orion MI 48360 (248.814.7571)<br>
IOLTA Account for Sadecki & Associates PLLC<br>
Account No. [REDACTED]<br>
Routing No.: [REDACTED]

Attorneys will account to Client with monthly statements sent via email, showing the amount of time and expenses incurred by Client, in 10ths of an hour, which shall be charged against the minimum engagement fee, as if same was a retainer fee. In the event the retainer

falls below $1,000.00 at any time, Client agrees to deposit, via wire transfer, an additional $5,000.00 retainer (the "Replacement Retainer)" with Attorneys.

(b) The Client further agrees to pay an hourly fee of $380 per hour for Mark Sadecki; $250 for each Associate and $125 per hour for each Legal Assistant (billed in minimum .1 hour increments) for all legal services. Hourly rates are subject to periodic increases in the sole discretion of the Attorneys, which are evaluated in December of each calendar year, with notice to the Clients prior to issuance of Client's Fee Statement in January of the following year.

(c) The Client agrees that the fee is based merely on a fee for the amount of Attorney time, but also on Rule 1.5 of the Michigan Rules of Professional Conduct, including:

    i. the time and labor required, the novelty and difficulty of the questions involved, and the expertise and skill requisite to perform the legal service properly;

    ii. the likelihood that the acceptance of this particular employment will preclude other employment by the lawyer;

    iii. the amount involved and the results obtained;

    iv. the time limitations imposed by client or by the circumstances;

    v. the experience, reputation and ability of the lawyer or lawyers performing the legal services.

6. The Attorneys agree to accept this fee from the Client and to perform the necessary legal services with diligence and dispatch in connection with this legal action.

7. The Client agrees that any fees owed to Sadecki & Associates, PLLC shall be paid within five (5) business days after billing. Client has two (2) choices for payment, a cash price, verses a credit price. The cash price is payment of the Fee Statement balance due and owing within the five (5) days permitted herein. The credit price is defined as the cash price plus 1.5% per month time-price differential (annual 18%) on any unpaid balance until the balance is paid in full. Thus, any amount due and owing after five (5) days incurs time price charges at the rate of one and one-half percent (1.5%) through a time-price differential (annual 18%) on the unpaid balance until paid in full. The Client understands and agrees that Sadecki & Associates, PLLC expressly reserves the right to withdraw from representation of the Client if Client fails to pay within the times allotted herein. Time-price charges shall continue to accrue on the unpaid balance until the total amount is paid in full.

8. Questions or objections to all bills or statements given or sent by the Attorney to the Client must be made within five (5) days of the billing date. The Client agrees that a bill or fee statement is accurate and fully due and payable if the Client does not question or object to a bill or fee statement within five (5) days of the billing date.

9. The Client agrees that the Attorneys shall be entitled to an Attorney's Charging Lien on any asset owned by or due to the Client, including any and all real property, for any and all such outstanding amounts/balance(s) that become due and/or payable to the Attorneys. Specifically, Client expressly consents and agrees that pursuant to MCL § 565.25 et seq., as

amended, shall entitle Sadecki & Associates, PLLC, to a Security Interest/Lien/Claim of interest on any asset owned or on any income owed or due to the Client for such outstanding amount/balance that is due and payable to Sadecki & Associates, PLLC and that this agreement expressly grants Power of Attorney to Sadecki & Associates, PLLC to place a Security Interest/Lien and/or Affidavit of Interest and/or Notice of Claim of Interest against any assets of the Client.

10. If at any time during the case, the minimum fee is insufficient to meet the anticipated costs and Attorney fees associated with a scheduled trial, hearing or other proceeding, and an additional minimum fee in an amount determined by Sadecki & Associates, PLLC shall be paid to Sadecki & Associates, PLLC no less than seven (7) days before any scheduled trial, hearing or other proceeding.

11. The Client understands that Michigan Rule of Professional Conduct 1.16 allows the Attorneys to withdraw from representation of the Client if any of the following occur:

    a. the Client insists upon pursuing a course of action that the lawyer considers repugnant or imprudent;

    b. the Client fails to pay the fees required under this contract after reasonable warning that non-payment will result in withdrawal;

    c. the continued representation will result in an unreasonable financial burden on the lawyer. The client understands that a copy of Rule 1.6 will be provided upon written request.

12. NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE CONDITION OF RETENTION OF THE ATTORNEYS, IS PAYMENT OF THE MINIMUM ENGAGEMENT FEE WHICH IS NON-REFUNDABLE NOTWITHSTANDING THE HOURS EXPENDED.

13. The Client understands that if monies cannot be provided for payment of legal fees, the Client shall consent, upon request, to the release of SADECKI & ASSOCIATES, P.L.L.C., as the Client's counsel and the allowance of SADECKI & ASSOCIATES, P.L.L.C. to withdraw, upon appropriate stipulation and order, from any legal proceedings initiated.

14. Client may terminate the attorney client relationship at any time. However, Client recognizes that the minimum non-refundable engagement fee shall not be refunded in such event and that the Attorney's security interest, if any, continues until any outstanding balance for fees, costs or expenses is satisfied.

15. It is the Client's responsibility to ascertain whether you or your company, are fully or partially covered by any relevant insurance in respect to either liability or legal expenses. If so, you are responsible to notify your Insurer(s) of the claim or potential claim and our involvement as soon as possible. It is also your responsibility to inform us if you believe that you have coverage for the specific matter for which we have been retained.

16. This agreement shall be binding upon and inure to the heirs, successor, assignees and personal representatives, if any, of each party hereto. If two or more persons have signed this agreement as Clients, then their liability for obligations hereunder shall be joint and several.

17. Client agrees to pay all costs and reasonable attorney's fees incurred by SADECKI & ASSOCIATES, P.L.L.C. should the Attorneys have to take any legal action to compel payment of overdue costs, expenses and/or professional fees.

18. This agreement is made and shall be performed and construed under the laws of Michigan. Michigan Court Rules shall control the terms and conditions hereof and if any provision is deemed null, void or invalid by any competent tribunal, the balance of this agreement shall remain in effect and to this end is declared severable.

19. This writing is a complete statement of all prior and present agreements and representations between the parties hereto as of the date hereof and same shall not be modified without the written consent of same.

20. The Client hereby acknowledges receipt of a copy of the Contract for Legal Services and further acknowledges that he has read and understood the provisions therein.

21. It is understood that this is a minimum engagement fee regardless of billing rates.

22. This agreement shall become effective upon payment of the non-refundable engagement fee of $5,000, payable to "Sadecki & Associates PLLC" and upon execution of this Agreement. All time expended for or with the Client in obtaining information in this matter prior to the execution of this contract shall be included as part of the minimum engagement fee. Client may pay the

23. Dispute Arbitration. At the request of either Attorney or Client, any dispute as to whether Attorney or Client has failed to honor this Agreement or as to the legal representation of client, shall be submitted to arbitration and prompt resolution on a confidential basis and both Attorney and Client agree to be bound by the results of such arbitration and Judgment shall enter in any court of competent jurisdiction. Should Attorney or Client request arbitration to settle such disputes, at least one member of the Arbitration Panel shall be a licensed Michigan Attorney.

24. All other disputes between Client and Attorney, including whether the Attorney has competently performed its duties hereunder, shall be submitted to binding Arbitration, on a confidential basis, and the confidential decision of the arbitrator may be entered as a judgment in any court of competent jurisdiction. Should Attorney or Client request Arbitration to settle such disputes, at least one member of the Arbitration Panel shall be a licensed Michigan Attorney.

25. Results. Attorney has made no promises, guarantees, or representations regarding the outcome of this case to Client. This is particularly the case given that the fact that a Judge makes the decisions in Client's case and not the lawyers. Attorney will use his best efforts to attempt to persuade the Judge in client's favor, but that is all that can be done. The only guarantee in this case is attorney's effort and not the results. Client has further been advised that this case, from time to time, may be attested to by the Client and the representations contained therein are the sole decision of Client.

26. Records Retention. Subject to the terms set forth herein, any materials belonging to you will be returned to you at the conclusion of the engagement. Following the engagement, pursuant to our policies, applicable law and applicable jurisdictional rules of professional conduct regarding ownership of file and file retention, we will retain our files related to this matter for a period of years, after which time the files may be destroyed. We will make reasonable efforts to

notify you of the destruction of any files. A reasonable charge may be imposed for any special requests pertaining to disposition of handling of our files. It is agreed and acknowledged by Client that the Client's file may be destroyed within one (1) year of the matters being closed by the Attorneys.

27. <u>E-mail and Cellular Phone Authorization</u>. Sadecki & Associates PLLC is able and will in fact communicate with Clients via electronic mail over the internet (e-mail) and many of our law firm's attorneys and assistants, utilize cellular phones. With email, current technology cannot and will not eliminate the risk that confidence and/or secrets otherwise protected by Attorney / Client privilege may be viewed by unauthorized third parties and the privilege thereby lost. As to both means of communication, sensitive, confidential, and proprietary information of the Client may be intercepted by unauthorized third parties. Please be advised that in connection with the use of e-mail and cellular phones, (a) there is risk of the loss of the attorney/client privilege and that sensitive, conditional or proprietary information may be inadvertently disclosed to one or more unauthorized third parties' (b) the Firm standard for e-mail encryption is Transport Layer Security (TLS) protocol; and (c) you have the right to specifically direct Sadecki & Associates not to send the Client sensitive, confidential or proprietary materials via e-mail or to utilized a cellular phone when communicating.

Unless you specifically provide direction to the contrary, your acceptance of our CFLS will indicate your review of the above policy statement on the use of e-mail and cellular phones and will specially authorize Sadecki & Associates to utilize e-mail, to send information over the internet to communicate with you and with third-parties and to utilized cellular phones. By hiring Sadecki & Associates, you agree to assume the risk of inadvertent disclosure and the risk of loss of attorney / client privilege as it related to information being transmitted. You retain the right to direct Sadecki & Associates not to send specific items via the internet, by e-mail or over a cellular phone line. This authorization shall remain in effect until revoked in writing by the Client.

28. The parties hereto acknowledge and fully agree that this Agreement may be executed in counterparts; may be transmitted by facsimile and/or Email and shall be binding in all respects upon and inure to the benefit of each and every party. Nothing in this Agreement is intended, or shall be construed, to give any other person or entity not a party to this Agreement any right, remedy, or claim under or by reason hereof.

28. Client acknowledges and understands that Sadecki & Associates, PLLC reserves the right to withdraw from representation if Client fails to abide by any term or condition of this contract.

THE UNDERSIGNED ACKNOWLEDGES THAT SHE HAS READ AND UNDERSTOOD ALL OF THE TERMS OF THIS CONTRACT, ON BEHALF OF THE CLIENT.

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

By: Kathleen Jenkins
Its: Trustee
Dated: March 22, 2023

Page 5

ACCEPTED BY:

SADECKI & ASSOCIATES, P.L.L.C.
a Professional limited liability company,

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

By: Mark W. Sadecki
Its: Managing Member
Dated: March 22, 2023

By: Kathleen Jenkins
Its: Trustee
Dated: March 22, 2023

ACCEPTED BY:

SADECKI & ASSOCIATES, P.L.L.C.
a Professional limited liability company,

_/s/ Mark Sadecki_
By: Mark W. Sadecki
Its: Managing Member
Dated: March 22, 2023

THE HAROLD B. DOREMUS LIVING TRUST,
dated January 15, 1982, as amended,

_____
By: Kathleen Jenkins
Its: Trustee
Dated: March 22, 2023